UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                    :
ANTONIETTA SACCENTI,                :
                                                    :   **MEMORANDUM DECISION**
                         Plaintiff,    :   **AND ORDER**
                                                      :
            - against -                  :   20-cv-4098 (BMC)
                                                      :
TARGET CORPORATION,             :
                                                      :
                         Defendant.   :
----------------------------------------------------------- X

**COGAN**, District Judge.

      This is a diversity slip-and-fall case in which Target, the owner of the premises where plaintiff slipped and fell, seeks summary judgment as to liability. This means that I have to decide whether, drawing all reasonable inferences in plaintiff's favor, a reasonable jury could find that a dangerous or defective condition existed, that Target either created or had actual or constructive knowledge of that condition, and that Target's negligence caused plaintiff's injury. See generally Schroeder v. U.S. Postal Serv., 768 F. App'x 100, 101 (2d Cir. 2019) (summary order) (citing Lemonda v. Sutton, 268 A.D.2d 383, 384, 702 N.Y.S.2d 275, 276 (1st Dep't 2000)) (explaining the general standard of negligence in slip-and-fall cases under New York law). Based on what plaintiff has presented in opposing defendant's motion, I would have to set a verdict in her favor aside. There is nothing but speculation that Target created or had actual or constructive knowledge of the condition that caused plaintiff to slip and fall.

      The main problem that plaintiff has is that there is no evidence of a dangerous condition that was even present, let alone one that caused her fall. This is not one of those cases where there was a puddle and the question is whether the premises owner caused the puddle or should

have known of the puddle because it was there for too long.  See, e.g., Cooper v. Pathmark Stores, Inc., 998 F. Supp. 218, 221 (E.D.N.Y. 1998).  The record is undisputed that there was no puddle, no visible hazard that could have caused plaintiff to slip.  That means plaintiff has to prove that Target somehow created or knew of some unknown condition that plaintiff never saw, that the four employees who came to her rescue never saw, and that the two EMS personnel who tended to her injury and took her to hospital never saw – all of them testified that there was no visible hazard.

With that difficulty, plaintiff's primary theory appears to be as follows.  Before she went to the area where she slipped, she was standing at a counter.  The floor she was standing on, unlike the floor she slipped on, was carpeted.  She observed a store employee cleaning the counter with a spray glass cleaner.  Plaintiff theorizes that maybe some of the glass cleaner strayed from the countertop to the carpet, that she then stepped on the carpet where the spray cleaner had strayed, that the cleaner adhered to the sole of her shoes, and that after she walked from the carpeted area to the tile floor, the spray cleaner still adhering to her shoes caused her to slip.  Her testimony as to this theory shows its speculative nature:

> Q.  Okay, but were you somehow sprayed –
>
> A.  I was standing on the carpeting while she was spraying, so it could have got on my shoes, on the carpeting while I was standing there.
>
> Q.  I'm not asking for your guess, I'm asking whether you felt wet or sprayed or –
>
> A.  I don't –
>
> Q.  – somehow—
>
> (Unreportable crosstalk)
>
> A.  I didn't feel wet.
>
> Q.  Okay.  Did you see any wet spots on the carpeting itself?
>
> A.  The carpeting's dark, so I couldn't tell.

That's really all plaintiff has.

In fairness, I note that she does have an expert, as to whom Target objects on Daubert grounds. Plaintiff hasn't responded to Target's Daubert point, which may be enough reason to exclude the expert. However, even if I admitted his testimony, plaintiff's expert doesn't give any opinions that reduce the speculative nature of what would be the jury's task. The expert, an architect, wanted to measure the "slip-resistance" of the floor, but he could form no conclusion about the condition of the floor where plaintiff slipped. All he could conclude was that "it is evident that the slip resistance of the floor's walking surface will vary demonstrably depending on facts related to the choice and application of the wax used to maintain the floor – *e.g.*, the type of wax used, method of application, and frequency of application."

Well, that's pretty obvious. It wouldn't tell the jury anything the jury wouldn't already know, for plaintiff has not produced any evidence of the type of wax used, its method of application, or its frequency of application. Target had a third party contractor performing floor maintenance (All Jersey Janitorial Services, Inc.), but plaintiff did not subpoena any witness from All Jersey, and Target's own records were not detailed to the level that plaintiff's expert said he would have needed to reach an opinion as to whether the floor was more slippery than it should have been.[1]

The misperception of her burden on summary judgment is apparent from plaintiff's numerous references to what *Target* has not proven. Relying on Target's expert, for example, she notes from his testimony that, like her own expert, he "does not know the condition of the

---

[1] For these same reasons, I would exclude plaintiff's expert report on Daubert grounds. First, the expert, as an architect, is not qualified to offer opinion evidence on the slipperiness of the floor. Second, the expert's opinion would not aid the trier of fact. In his deposition, the expert acknowledged that the "only thing [he] derived out of this was [that] the floor conditions change on any given day." The jury does not need an expert to explain this commonsense proposition.

floor in the vicinity of the area he inspected" at the time plaintiff slipped, and that he "knows nothing about All Jersey Janitorial Services, their schedule, their methods, what products they used, [or] how they applied their product to the floor."  This criticism is consistent with plaintiff's criticism of the Target employees' deposition testimony.  Plaintiff stresses that the employees did not remember, aside from their general practices, whether they had actually performed a "walk through" of the aisle where plaintiff later slipped or, if they did perform one, whether they specifically checked for floor hazards as opposed to the condition of merchandise display.  That's a red herring considering the fact that a number of people saw the area right after plaintiff fell and none of them detected anything amiss.

These criticisms of Target's evidence, and others like it that plaintiff raises, ignore the fact that Target does not have to prove a negative.  As suggested at the outset of this decision, I have to look at the display of plaintiff's evidence to decide if that display presents an issue of fact that could reasonably be resolved in plaintiff's favor.  See Graziano v. Target Corp., No. 17-cv-3927, 2019 WL 1958019, at *4 (E.D.N.Y. May 2, 2019).  I do not believe that plaintiff comes close to meeting that standard in opposing Target's motion.  As the aphorism states, at least when a party who has the burden of proof at trial opposes summary judgment, the absence of evidence is not evidence of absence.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (explaining that, although party seeking summary judgment has the initial burden of establishing the lack of a genuine dispute of material fact, that burden is satisfied by pointing to the absence of evidence supporting the non-moving party's case, and the non-moving party must then make a sufficient showing to establish the existence of all elements essential to their case on which they will bear the burden of proof at trial); Feder v. Target Stores, 15 F. Supp. 3d 253, 256 (E.D.N.Y. 2014) (stating this rule in a slip-and-fall case).

4

Since no reasonable jury could find Target liable based on the proof that plaintiff has presented, Target's motion for summary judgment [12] is granted and the case is dismissed.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 1, 2021